**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| COREY MILLER, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 23-cv-1252-SHM-tmp |
| HSA HOLMES, ET AL. | ) ) | |
| Defendants. | ) ) | |

**ORDER DIRECTING PLAINTIFF TO COMPLY WITH**
**28 U.S.C. § 1915(A)(1)-(2) OR PAY THE ENTIRE $405 CIVIL FILING FEE**

On November 27, 2023, Plaintiff Corey Miller, Tennessee Department of Correction prisoner number 602483, who is incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff neglected to either pay the $405 civil filing fee or submit a properly completed application to proceed *in forma pauperis* and a copy of his trust account statement for the last six months as required by 28 U.S.C. § 1915(a)-(b).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604.

---

[1] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires an additional administrative fee of $52 for filing any civil case before November 30, 2023. **The additional administrative fee increases to $55 beginning December 1, 2023**. That additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Therefore, the Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $405 civil filing fee or a properly completed and executed application to proceed *in forma pauperis* and a copy of his trust fund account statement. The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order. If Plaintiff needs additional time to submit the affidavit, he may, within 30 days after the date of this order, file a motion for extension of time.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedure of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis,* assess the entire filing fee of $405 from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3rd at 605.[2]

IT IS SO ORDERED**,** this 15th day of December, 2023.

> */s/ Samuel H. Mays, Jr.*
> SAMUEL H. MAYS, JR.
> UNITED STATES DISTRICT JUDGE

---

[2] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F3d. 378, 381 (6th Cir. 2002).